TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

AUSTIN D. SAYLOR, Oregon Bar No. 085614
Senior Attorney
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
c/o U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97034
(202) 598-7867
Austin.Saylor@usdoj.gov

*Attorneys for Plaintiff, United States of America*
(Additional attorneys listed on signature page)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PANTHERC LLC and LAURENT COMTE,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT** |

The United States of America, by authority of the Attorney General of the United

States and acting at the request and on behalf of the Administrator of the United States

Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## **NATURE OF THE ACTION**

1.      This is a civil action under Sections 309(b) and (d) of the Clean Water

Act, 33 U.S.C. § 1319(b) and (d).  The United States seeks injunctive relief and civil

penalties against PantherC LLC ("Defendant PantherC") and Mr. Laurent Comte

("Defendant Comte") (collectively, "Defendants") for the discharge of pollutants to waters of the United States in violation of Section 301 of the Clean Water Act, 33 U.S.C. § 1311.

2.      Defendant PantherC, an Idaho limited liability company whose sole member is Defendant Comte, owns an approximately 88-acre property in Lemhi County, Idaho.  That property, Parcel Number RP18N18E101801, is located within Section 3 of Township 18 North, Range 18 East, near latitude 44.912493º N and longitude -114.329227º W.  The "Site," depicted in Exhibit 1 and excerpted here, includes that property as well as areas of adjoining National Forest property on which violations also occurred:



**Panther Creek Site, Lemhi County, Idaho**

| **Exhibit 1** | Aerial Image Date: July 19, 2023<br>Parcel Boundary: Lemhi County<br>Date Produced: January, 2025<br>Authored: U.S. EPA, R10<br>Imagery: USDA - NAIP | N | **Legend** |
|---|---|---|---|
| 00.03 0.05  0.1   0.15   0.2 Miles | | | ▢ Site<br>- - - Lemhi County Tax Parcel Boundary |

**COMPLAINT**                                          1

3.      The following photograph, from a 2022 real estate listing, shows the Site before Defendants' Clean Water Act violations (https://www.haydenoutdoors.com/land-for-sale/panther-creek-off-grid-retreat/, *archived at* https://perma.cc/26FM-LCL9):



*Panther Creek Site (circa 2022, facing south)*

4.      The waterway depicted in the photograph above is Panther Creek. Beginning in approximately June 2023, Defendants discharged pollutants, including dredged and/or fill material to Panther Creek and adjacent wetlands without authorization under the Clean Water Act. Defendants' extensive earthmoving activities at the Site beginning in approximately June 2023 included Defendant Comte's personal operation of an excavator to construct stream crossings and equipment roads, to excavate exploratory trenches, and to excavate multiple ditches in wetlands adjacent to Panther Creek. Those ditches eroded significantly after Defendant Comte originally excavated them, and, as described below, Defendants have since refilled them without Clean Water Act authorization. Originally, the ditches were about 4–5 feet deep, 10–13 feet wide, and collectively about 3,522 feet long, spanning nearly the entire length of the Site from south to

**COMPLAINT**                                      2

north.  Also beginning in approximately June 2023, Defendants placed plugs, composed of dredged and/or fill material, below the ordinary high water mark of Panther Creek to redirect its flow to the constructed ditches and to prevent water from flowing to side channels of Panther Creek.  Defendants excavated those ditches through, and side cast dredged and/or fill material to, Panther Creek, adjacent wetlands, and Panther Creek's riparian area and surrounding floodplain.

5.      For several months, prior to emergency interim stabilization measures that Defendants implemented in late October 2023 pursuant to an interim settlement agreement with the State of Idaho Department of Water Resources, Defendants' discharges rerouted the majority of streamflow out of nearly one mile of Panther Creek to the constructed ditches. Defendants' ditches also dewatered portions of the surrounding floodplain, including wetlands adjacent to Panther Creek.  Flow at the Site was directed to the relatively straight-line ditches rather than the natural meanders of Panther Creek, carrying increased sediment and other pollutants downstream.

6.      Defendants' ditches within Panther Creek's adjacent wetlands quickly eroded due to inappropriate slopes and a failure to properly stabilize the sides of the ditches. By June 2024, this erosion scoured the ditches to depths of greater than 10 feet in some areas, and expanded the geographic extent of dewatering in adjacent wetlands.  The following figure, also attached as Exhibit 2, shows one location where such erosion occurred:

**COMPLAINT**                                3



**Panther Creek Site, Lemhi County, Idaho**

Aerial Image Date: July 19, 2023
Parcel Boundary: Lemhi County
Date Produced: January, 2025
Authored: U.S. EPA, R10
Imagery: USDA - NAIP
Photos: June, 2024 - EPA

Legend

Site

Panther Creek Main Channel

Waters of the United States, Including Adjacent Wetlands

Discharges of Dredged and/or Fill Material

Lemhi County Tax Parcel Boundary

*Panther Creek Flow Direction: south to north*

7.    Defendants conducted additional unauthorized earthmoving activities at the Site as recently as September 2024.  Those activities included the use of an excavator to backfill portions of Defendants' ditches, resulting in further discharges of dredged and/or fill material to Panther Creek and adjacent wetlands.  Defendants did not seek or obtain

**COMPLAINT**                    4

Clean Water Act permits for that work.  To the contrary, Defendants acted despite multiple written warnings over the preceding year from EPA, the United States Army Corps of Engineers ("Corps"), and other federal and state regulatory agencies that any additional unauthorized earthmoving activities in Panther Creek and adjacent wetlands would be in violation of the Clean Water Act and other laws.

8.       As detailed below, both Panther Creek and adjacent wetlands on Site are waters of the United States covered by the Clean Water Act.  Panther Creek is a relatively permanent standing or continuously flowing tributary that flows through the entire length of the Site.  Panther Creek connects to the Salmon River, a traditional navigable water.

9.       Panther Creek and its adjacent wetlands provide important habitat for fish and other aquatic life, as well as essential resources for birds and mammals.  The Site is located within critical habitat for Snake River Basin steelhead trout, Snake River spring/summer Chinook salmon, and Bull trout, each of which is listed as "Threatened" under the Endangered Species Act.  *See* Endangered and Threatened Wildlife and Plants; Revised Designation of Critical Habitat for Bull Trout in the Coterminous United States, 75 Fed. Reg. 63898 (Oct. 18, 2010); Endangered and Threatened Species; Designation of Critical Habitat for 12 Evolutionarily Significant Units of West Coast Salmon and Steelhead in Washington, Oregon, and Idaho, 70 Fed. Reg. 52630 (Sept. 2, 2005). The relatively unconfined stretch of Panther Creek at the Site, as compared with faster-flowing waters in the Creek's lower reaches, is particularly valuable habitat for steelhead and salmon spawning and rearing.  The Salmon-Challis National Forest, which surrounds most of the Site, includes the largest contiguous wilderness in the Lower 48 (Frank Church-River of No Return Wilderness).

**COMPLAINT**                                      5

10.     Panther Creek and its watershed have been the subject of extensive and costly habitat restoration and fish recovery efforts over the past three decades by a variety of public interest groups, Tribes, the State of Idaho, and the federal government.  The Western Rivers Conservancy estimates that more than $150 million has been spent on such restoration efforts over the past three decades.  *See* https://www.westernrivers.org/projects/id/panther-creek, *archived at* https://perma.cc/26FM-LCL9.  Panther Creek is also within the Shoshone-Bannock Tribes' and Nez Perce Tribe's off-reservation reserved fishing rights.

11.     Defendants' Clean Water Act violations at the Site have caused significant harm to the environment and undermined decades-long Panther Creek restoration efforts.

12.     In this action, the United States seeks to: (1) permanently enjoin unauthorized discharges of pollutants, including dredged and/or fill material, to Panther Creek and adjacent wetlands on Site; (2) require Defendants, at their own expense and at the direction of EPA, to restore waters on the Site and mitigate the impacts of their unlawful activities, including by obtaining applicable permits; and (3) require Defendants to pay civil penalties as required by Section 309(d) of the Clean Water Act, 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this action and the parties under Sections 309(b) and (d) of the Clean Water Act, 33 U.S.C. § 1319(b) and (d), and under 28 U.S.C. §§ 1331, 1345, and 1355.

14.     Venue is proper in the District of Idaho under Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and 1395, because the Clean Water Act violations occurred in this District, the Site is located in this District, and Defendants conduct business in this District.  In addition, Defendant PantherC resides or is

**COMPLAINT**                                     6

located in this District, and, upon information and belief, subject to reasonable opportunity for further investigation and discovery, Defendant Comte resides or is located in this District.

15.     Authority to bring this civil action is vested in the Attorney General of the United States under Section 506 of the Clean Water Act, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

16.     The United States is providing notice of the commencement of this action to the State of Idaho as required by Section 309(b) of the Clean Water Act. 33 U.S.C. § 1319(b).

## THE PARTIES

### A.     Plaintiff United States of America

17.     Plaintiff in this action is the United States of America.  The United States Department of Justice is vested with authority to bring this action pursuant to 28 U.S.C. §§ 516 and 519.

### B.     Defendant Laurent Comte

18.     Defendant Comte is an individual.  Upon information and belief, subject to reasonable opportunity for further investigation and discovery, Defendant Comte resides in this District and the State of Maryland.

19.     Upon information and belief, subject to reasonable opportunity for further investigation and discovery, Defendant Comte is the sole manager and member of PantherC.

20.     Defendant Comte is a "person" within the meaning of Section 502(5) of the Clean Water Act, 33 U.S.C. § 1362(5).

**COMPLAINT**                                7

21.    Defendant Comte personally conducted or participated in all of the activities that discharged dredged and/or fill material to waters of the United States at the Site without the required authorizations.

22.    Defendant Comte has, at all relevant times, directed, operated or otherwise controlled the Site described in Paragraph 2 of this Complaint.

23.    Defendant Comte has had, at all relevant times, the ability to stop work at the Site at any time while it was being performed.

24.    Defendant Comte is and was, at all relevant times, a person responsible for ensuring Clean Water Act compliance with respect to the conduct at issue.

25.    Defendant Comte was, at all relevant times, privy to or personally involved in decision-making related to the Clean Water Act violations alleged herein.

## C.    Defendant PantherC LLC

26.    Defendant PantherC is a limited liability company incorporated in the State of Idaho.  Defendant PantherC was first incorporated in the State of Idaho in January 2022.

27.    Upon information and belief, subject to reasonable opportunity for further investigation and discovery, Defendant PantherC's principal office address is 784 S. Clearwater Loop, Suite B, Post Falls, Idaho 83854.

28.    Defendant PantherC is a "person" within the meaning of Section 502(5) of the Clean Water Act, 33 U.S.C. § 1362(5).

29.    Since approximately February 2022, Defendant PantherC has owned, operated, or otherwise controlled the Site described in Paragraph 2 of this Complaint.

**COMPLAINT**                                    8

30.    Defendant Comte is and was, at all relevant times, a member of Defendant PantherC.  Upon information and belief, subject to reasonable opportunity for further investigation and discovery, Defendant Comte is the sole member of Defendant PantherC.

31.    At all relevant times, Defendant PantherC or its agents have exercised control over the activities that discharged dredged and/or fill material to waters of the United States at the Site without the required authorizations.

## STATUTORY AND REGULATORY BACKGROUND

### A.    Clean Water Act General Provisions

32.    The Clean Water Act's purpose is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."  33 U.S.C. § 1251(a).

33.    Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" to "navigable waters" except as authorized by the Clean Water Act or a permit issued under it.  *See* 33 U.S.C. §§ 1342, 1344.

34.    Section 502(12) of the Clean Water Act defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."  33 U.S.C. § 1362(12).

35.    Section 502(6) of the Clean Water Act defines "pollutant" to include, among other things, dredged spoil, solid waste, chemical wastes, biological materials, rock, sand, cellar dirt, industrial waste, and agricultural waste.  33 U.S.C. § 1362(6).

36.    Section 502(14) of the Clean Water Act defines "point source" as "any discernible, confined and discrete conveyance, including, but not limited to, any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, [or] rolling stock . . . from which pollutants may be discharged."  33 U.S.C. § 1362(14).

**COMPLAINT**                                    9

37.     Section 502(5) of the Clean Water Act defines "person" to include, among other things, an "individual," "corporation," "partnership," or "association."  33 U.S.C. § 1362(5).

38.     Section 502(7) of the Clean Water Act defines "navigable waters" as "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).  This definition includes "relatively permanent, standing or continuously flowing bodies of water 'forming geographic[al] features' that are described in ordinary parlance as 'streams, oceans, rivers, and lakes.'" *Sackett v. EPA*, 598 U.S. 651, 671 (2023) (quoting *Rapanos v. United States*, 547 U.S. 715, 739 (2006)).  Wetlands with a continuous surface connection to bodies that are "waters of the United States" in their own right (i.e., "adjacent wetlands") are also included in this definition.  *See id.* at 678.

**B.     Additional Definitions**

39.     The term "wetlands" means "areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."  33 C.F.R. § 328.3(b) (2014); 33 C.F.R. § 328.3(c)(1) (2024).

40.     As used in this Complaint, the term "adjacent wetlands" means wetlands with a continuous surface connection to waterbodies that are waters of the United States in their own right, consistent with *Sackett*.

41.     The term "ordinary high water mark" means "that line on the shore established by the fluctuations of water and indicated by physical characteristics such as a clear, natural line impressed on the bank, shelving, changes in the character of soil, destruction of terrestrial vegetation, the presence of litter and debris, or other appropriate

**COMPLAINT**                                    10

means that consider the characteristics of the surrounding areas." 33 C.F.R. § 328.3(e) (2014); 33 C.F.R. § 328.3(c)(4) (2024).

42.    For non-tidal waters of the United States, in the absence of adjacent wetlands, Clean Water Act regulatory jurisdiction extends to the ordinary high-water mark. 33 C.F.R. § 328.4(c)(1).

43.    When adjacent wetlands are present, the Clean Water Act's regulatory "jurisdiction extends beyond the ordinary high-water mark to the limit of the adjacent wetlands." 33 C.F.R. § 328.4(c)(2); *see also Sackett*, 598 U.S. at 678.

**C.    Clean Water Act Section 404**

44.    Section 404(a) of the Clean Water Act, 33 U.S.C. § 1344(a), authorizes either the Secretary of the Army, acting through the Corps, or an authorized state, to issue permits for the discharge of dredged or fill material to waters of the United States.

45.    In Idaho, the Corps issues permits under Section 404 of the Clean Water Act.

46.    "Dredged material" is defined as "material that is excavated or dredged from waters of the United States." 40 C.F.R. § 232.2.

47.    "Fill material" is defined as material "that replaces portions of the waters of the United States with dry land or which changes the elevation of a water body for any purpose." 40 C.F.R. § 232.2.

**D.    Clean Water Act Enforcement Provisions**

48.    Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), authorizes EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Section 301 of the Clean Water Act, 33 U.S.C. § 1311.

**COMPLAINT**                                                11

49.    Section 309(d) of the Clean Water Act, 33 U.S.C. § 1319(d), subjects any person who violates Section 301 of the Clean Water Act, 33 U.S.C. § 1311, to civil penalties.

50.    Section 309(d) of the Clean Water Act, 33 U.S.C. § 1319(d), establishes civil penalties for violating the Clean Water Act payable to the United States of up to $25,000 per day for each violation.  Section 309(d) of the Clean Water Act further specifies that, in determining the amount of a civil penalty, a court "shall consider the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, and such other matters as justice may require."  33 U.S.C. § 1319(d).

51.    Maximum civil penalties for violations of the Clean Water Act are established by 33 U.S.C. § 1319(d) and 40 C.F.R. § 19.4.  EPA may seek civil penalties of up to $68,445.00 per day per violation of the Clean Water Act for violations after November 2, 2015, and assessed on or after January 8, 2025.  40 C.F.R. § 19.4.

### GENERAL ALLEGATIONS

**E.    The Site, Defendants' Conduct, and Waters on the Site**

52.    The Site, as shown in Exhibit 1, is the approximately 88-acre tax parcel described in Paragraph 2 of this Complaint.  The Site includes portions of the surrounding Salmon-Challis National Forest, which is administered by the United States Forest Service.

53.    Panther Creek flows through the entire length of the Site, from south to north, with a meandering course and intersecting extensive wetlands in the surrounding floodplain.

**COMPLAINT**                                          12

54.    In June 2023, State of Idaho Fish and Game staff alerted EPA of Defendants' unauthorized activities at the Site. The following two photographs from that time, which are also attached as Exhibits 3 and 4, respectively, show portions of the ditches Defendants excavated in Panther Creek's adjacent wetlands:





Direction of Photo View: facing south.

### Panther Creek Site, Lemhi County, Idaho

N

0 0.05 0.1   0.2   0.3   0.4
Miles

Aerial Image Date: July 19, 2023
Parcel Boundary: Lemhi County
Date Produced: January, 2025
Authored: U.S. EPA, R10
Imagery: USDA - NAIP
Photos: June, 2023 - EPA

Legend

Site
Panther Creek Main Channel
Waters of the United States, Including Adjacent Wetlands

Discharges of Dredged and/or Fill Material
Lemhi County Tax Parcel Boundary

Panther Creek Flow Direction: south to north

**COMPLAINT**                    14

55.     Also in June 2023, the State of Idaho Department of Water Resources issued Defendant Comte a "cease and desist" letter, admonishing him to stop "further work in or along Panther Creek" without proper local, state, and federal authorizations.  A copy of that letter is attached as Exhibit 5.

56.     Following coordination with the State of Idaho Department of Water Resources, on July 20, 2023, the Corps issued Defendants a Notice of Violation under the Clean Water Act.  That Notice of Violation, Exhibit 6, stated that Defendants were "responsible for filling sections of and dewatering approximately 4,800 linear feet of Panther Creek as well as excavating approximately 3,800 linear feet of channel in wetlands and side casting in wetlands."

57.     Soon thereafter, on July 26, 2023, the State of Idaho Department of Water Resources issued a Notice of Violation and Order to Cease and Desist the Unauthorized Alteration of Panther Creek, Tributary of Salmon River requiring Defendants to, among other things, complete temporary stabilization work, pay a $10,000 civil penalty, and submit a long-term restoration plan.

58.     On August 14, 2023, EPA requested consent from Defendant Comte to conduct a site inspection at the Site.  Defendant Comte denied that request on August 17, 2023.

59.     On August 17, 2023, the State of Idaho Department of Water Resources filed an action against Defendants in state court for altering a stream channel without a permit, in violation of Idaho Code § 42-3803.  *Idaho Department of Water Resources v. PantherC LLC and Laurent Comte*, 7th Judicial District, Lemhi County, Case No. CV30-23-0191.  An amended complaint filed in March 2024 added alleged violations of Idaho

**COMPLAINT**                                15

Code § 42-351 for the illegal diversion of water. That action is ongoing, with trial currently scheduled to begin on July 16, 2025.

60. On August 2, 2023, EPA sent an email to Defendant Comte explaining that EPA had taken over as the lead federal enforcement agency under the Clean Water Act and emphasizing the need for Defendant Comte to work cooperatively with the other state and federal agencies with interests at the Site. EPA also renewed its request for consent to enter the site to better understand the possible long-term restoration options, to better understand the hydrology of the site, and to gather more information regarding the scope of Clean Water Act-regulated discharges at the site.

61. On September 15, 2023, EPA notified Defendants in writing that their activities at the Site violated the Clean Water Act. A copy of that letter is attached as Exhibit 7. In that communication, EPA again emphasized the need for Defendants to cease further unpermitted discharges to waters of the United States at the Site, and to coordinate all on-Site work with state and federal regulatory agencies.

62. An October 26, 2023, site visit planned by EPA and other federal and state agencies, and agreed to by Defendants, was cancelled due to heavy snow.

63. On October 30, 2023, to resolve a pending motion for preliminary injunction in the state court proceedings, Defendants and the State of Idaho Department of Water Resources entered into an interim settlement agreement specifying certain short-term stabilization measures ahead of the winter months. Upon information and belief, subject to reasonable opportunity for further investigation and discovery, Defendants completed those interim stabilization measures on October 31, 2023. Upon information and belief, subject to reasonable opportunity for further investigation and discovery, Defendants may not have

**COMPLAINT**                                      16

completed those interim stabilization measures in accordance with the settlement agreement or as otherwise specified by the State of Idaho Department of Water Resources.

64.    Between approximately November 2023 and May 2024, EPA and Defendants, through counsel, engaged in settlement discussions focused on long-term restoration and mitigation.  Amid those discussions, on March 19, 2024, EPA reminded Defendants again in writing not to perform any earthwork at the Site without necessary permits, including under the Clean Water Act.  EPA advised Defendants not to perform work at the site until they obtained such authorizations.

65.    EPA ultimately deemed Defendants' restoration proposal deficient and expressly rejected it.  Settlement discussions between EPA and Defendants effectively ended, without any resolution, between May and June 2024.

66.    Defendants did not consent to EPA's request, made in late May 2024, for EPA to conduct a multi-day visit at the Site between June 17–20, 2024.

67.    On June 17, 2024, EPA obtained from this Court an administrative warrant to enter and inspect the Site.  A copy of that warrant is attached as Exhibit 8.

68.    From June 17–19, 2024, three EPA representatives executed the administrative warrant, inspected the Site, and collected evidence regarding Site conditions and Clean Water Act violations.  The following three figures, also attached as Exhibits 9, 10, and 11, illustrate the Site conditions at that time, including the excavated ditches:

**COMPLAINT**                                        17



Direction of Photo View: facing north.

## Panther Creek Site, Lemhi County, Idaho

N

0 0.05 0.1   0.2   0.3   0.4
Miles

Aerial Image Date: July 19, 2023
Parcel Boundary: Lemhi County
Date Produced: January, 2025
Authored: U.S. EPA, R10
Imagery: USDA - NAIP
Photos: June, 2024 - EPA

Legend

▬ Site
→ Panther Creek Main Channel
▬ Waters of the United States, Including Adjacent Wetlands
▬ Discharges of Dredged and/or Fill Material
- - Lemhi County Tax Parcel Boundary

*Panther Creek Flow Direction: south to north*

**COMPLAINT**                              18



**Panther Creek Site, Lemhi County, Idaho**

Aerial Image Date: July 19, 2023
Parcel Boundary: Lemhi County
Date Produced: January, 2025
Authored: U.S. EPA, R10
Imagery: USDA - NAIP
Photos: June, 2024 - EPA

Direction of Photo View: facing south.

Legend: Site; Panther Creek Main Channel; Waters of the United States, Including Adjacent Wetlands; Discharges of Dredged and/or Fill Material; Lemhi County Tax Parcel Boundary. Panther Creek Flow Direction: south to north

**COMPLAINT**                    19



Direction of Photo View: facing south.

## Panther Creek Site, Lemhi County, Idaho

N

0 0.05 0.1   0.2   0.3   0.4 Miles

Aerial Image Date: July 19, 2023
Parcel Boundary: Lemhi County
Date Produced: January, 2025
Authored: U.S. EPA, R10
Imagery: USDA - NAIP
Photos: June, 2024 - EPA

Legend

Site
Panther Creek Main Channel
Waters of the United States, Including Adjacent Wetlands
Discharges of Dredged and/or Fill Material
Lemhi County Tax Parcel Boundary

Panther Creek Flow Direction: south to north

**COMPLAINT**                    20

69.     In early August 2024, EPA learned from United States Forest Service staff that, despite numerous oral and written warnings from multiple regulatory agencies during the prior year, Defendants or their agents were conducting additional unauthorized earthmoving activities at the Site.  Upon information and belief, subject to reasonable opportunity for further investigation and discovery, Defendant Comte personally conducted those additional unauthorized earthmoving activities beginning in late July or early August, 2024.  Upon information and belief, subject to reasonable opportunity for further investigation and discovery, those activities included use of an excavator to discharge pollutants, including dredged and/or fill material, to the previously excavated ditches and other areas of the Site.  Just as Defendants' original excavation of the ditches was through portions of Panther Creek and in adjacent wetlands, so too were the new activities in those same areas beginning in late July or early August 2024.

70.     Defendants' activities at the Site beginning in late July or early August 2024 were not authorized under the Clean Water Act, or otherwise, by any state or federal regulatory agencies.

71.     Defendants have discharged pollutants to waters of the United States, including Panther Creek and its adjacent wetlands.  Adverse environmental impacts from those unlawful discharges span a much larger area, including waters of Panther Creek downstream of the Site.

72.     Panther Creek is a relatively permanent standing or continuously flowing body of water connected to traditional navigable waters, including the Salmon River and the Snake River.  Panther Creek connects to the Salmon River, which connects to the Snake River.  Panther Creek flows year-round.

**COMPLAINT**                                21

73.    From its confluence with the Snake River to the City of Salmon, Idaho, the Salmon River is a Corps-designated "Traditional Navigable Water" under Section 10 of the Rivers and Harbors Act of 1899.

74.    Both the Salmon River and Snake River support a wealth of commercial rafting and fishing trips.  The Snake River is an interstate water that connects Wyoming, Idaho, Oregon, and Washington.

75.    Panther Creek supports whitewater rafting, kayaking, and paddling downstream of the Site.

76.    Upon information and belief, subject to reasonable opportunity for further investigation and discovery, most of the Site's wetlands are adjacent wetlands covered by the Clean Water Act.

77.    Prior to Defendants' violations of the Clean Water Act, many acres of wetlands at the Site had a continuous surface connection to Panther Creek.

78.    To the extent that some or all of the Site's wetlands do not presently have a continuous surface connection to Panther Creek, that is a direct result of Defendants' violations.

79.    Wetlands that had a continuous surface connection to Panther Creek prior to Defendants' violations are still adjacent wetlands after those violations.  *See Sackett*, 598 U.S. at 678 n.16 ("[A] landowner cannot carve out wetlands from federal jurisdiction by illegally constructing a barrier on wetlands otherwise covered by the CWA.  Whenever the EPA can exercise its statutory authority to order a barrier's removal because it violates the Act, *see* 33 U.S.C. §§ 1319(a)–(b), that unlawful barrier poses no bar to its jurisdiction.").

**COMPLAINT**                                   22

80.     Adjacent wetlands at the Site have a continuous surface connection to Panther Creek because the adjacent wetlands abut, meaning they physically touch—or prior to Defendants' violations did abut—Panther Creek.[1]

81.     The adjacent wetlands abut, or prior to Defendants' violations did abut, Panther Creek as it flows through the Site.

82.     Where adjacent wetlands abut, or prior to Defendants' violations did abut, Panther Creek, water is or was exchanged between the Creek and the adjacent wetlands, including surface water.

83.     Depending on the weather, the volume of water in the Creek and the adjacent wetlands, flow rates, the time of year, and other factors, water at times flows from the wetlands to Panther Creek—and also at times flows from Panther Creek to the wetlands, or did so prior to Defendants' violations.

84.     This physical connection between Panther Creek and the adjacent wetlands that facilitates, or prior to Defendants' violations did facilitate, the exchange of water between the adjacent wetlands and Panther Creek constitutes a continuous surface connection.

---

[1] *See, e.g.*, *United States v. Mlaskoch*, No. 10-cv-2669, 2014 WL 1281523, at *17 (D. Minn. Mar. 31, 2014) ("Because the affected wetlands abutted these tributaries, jurisdiction under the CWA is proper."); *United States v. Donovan*, No. 96-484, 2010 WL 3000058, at *4 (D. Del. July 23, 2010) ("A continuous surface connection exists when a wetland physically abuts another regulated body of water.") (citation to *Rapanos* plurality omitted), report and recommendation adopted, 2010 WL 3614647 (D. Del. Sept. 10, 2010), *aff'd*, 661 F.3d 174 (3d Cir. 2011); *United States v. Brace*, No. 1:17-cv-00006, 2019 WL 3778394, at *24 (W.D. Pa. Aug. 12, 2019) (A "continuous surface connection" "may also occur when a wetland physically abuts another regulated body of water") (quoting *Donovan*, *supra*; *cleaned up*), *aff'd on other grounds*, 1 F.4th 137 (3d Cir. 2021).

**COMPLAINT**                                                        23

85.     EPA has identified wetlands at the Site by combining the following empirical and analytical observations.  EPA's inspectors observed the wetlands adjacent to Panther Creek (including their hydrology, soils, and vegetation) during the June 2024 inspection.  In addition, EPA specialists reviewed aerial imagery from 1946 through 2024; drone imagery; U.S. Geological Survey ("USGS") topographic maps from 1957 through the present; light detection and ranging imagery ("lidar") publicly available through the Federal Emergency Management Agency ("FEMA"); publicly available data through the USGS stream gage at Cobalt; and desktop tools such as USGS Stream Stats, USGS's National Hydrography Dataset, and photographs and survey data taken by staff from other regulatory agencies, including the National Oceanographic and Atmospheric Administration, the United States Forest Service, the State of Idaho Governor's Office on Species Conservation, the State Idaho Department of Water Resources, and the State of Idaho Department of Fish and Game.

86.     The following figure, attached as Exhibit 12, depicts the approximate locations where the United States alleges adjacent wetlands exist, or existed prior to Defendants' violations, on the Site.  This figure also illustrates how adjacent wetlands throughout the Site abut, and thus have a continuous surface connection to, Panther Creek. The dark blue line is the main channel of Panther Creek, and the light blue line is the ditch that Defendants excavated.  The shaded blue-green area spanning most of the Site, through which Panther Creek flows and Defendants dug the ditch, represents waters of the United States, including adjacent wetlands.

**COMPLAINT**                                    24



**Panther Creek Site, Lemhi County, Idaho**

N

0 0.03 0.05   0.1   0.15   0.2
Miles

Aerial Image Date: July 19, 2023
Parcel Boundary: Lemhi County
Date Produced: January, 2025
Authored: U.S. EPA, R10
Imagery: USDA - NAIP

Legend

Waters of the United States, Including Adjacent Wetlands

Site

Lemhi County Tax Parcel Boundary

Panther Creek Main Channel

*Panther Creek Flow Direction: south to north*

**COMPLAINT**                                          25

87.    Panther Creek and adjacent wetlands on the Site are "waters of the United States" within the meaning of the Clean Water Act. 33 U.S.C. § 1362(7).

**F.    Clean Water Act Section 404 Discharges (Dredged and/or Fill Material)**

88.    Beginning in approximately June 2023, Defendants have used equipment, including heavy machinery personally operated by Defendant Comte, to excavate, clear, grade, and fill portions of the Site, including by placing plugs comprised of dredged and/or fill material in the original banks and channel below the ordinary high water mark of Panther Creek and in adjacent wetlands.  EPA estimates that there were discharges of dredged and/or fill material to approximately 3.38 acres of waters of the United States at the Site.

89.    Defendants also used equipment, including heavy machinery personally operated by Defendant Comte, to construct equipment roads on the Site.  Defendants constructed those roads through wetlands adjacent to Panther Creek.  In some locations, those roads intersect with and cross Panther Creek itself.  Defendants' road construction activities resulted in discharges of pollutants, including dredged and/or fill material, to Panther Creek and its adjacent wetlands.

90.    The portions of the Site that Defendants excavated, cleared, graded, and filled included wetlands adjacent to Panther Creek and the Creek itself.  The following figures, also attached as Exhibits 13 and 14, show some of the impacts of those activities as of July 2023:

This Space Left Intentionally Blank

**COMPLAINT**                         26



**COMPLAINT**                    27



**Panther Creek Site, Lemhi County, Idaho**

Aerial Image Date: July 7, 2023
Parcel Boundary: Lemhi County
Date Produced: January, 2025
Authored: U.S. EPA, R10
Imagery: Drone Imagery - Governor's
Office of Species Conservation

Legend

Discharges of Dredged and/or Fill Material
Panther Creek Main Channel
Lemhi County Tax Parcel Boundary
Site

*Panther Creek Flow Direction: south to north*

0 1.5 3   6   9   12   US Feet

**COMPLAINT**                    28

91.     During EPA's June 2024 inspection, inspectors collected evidence of Defendants' dredge and fill activities in Panther Creek and adjacent wetlands.  EPA analyzed soils in several locations near the ditches on the Site and documented the presence of wetlands in all of those locations in accordance with the methods and criteria outlined in the Corps' 1987 Wetland Delineation Manual and the Western Mountains and Valleys Regional Supplement.  The following figure, also attached as Exhibit 15, shows the locations of EPA's sample plots:



**Panther Creek Site, Lemhi County, Idaho**

Aerial Image Date: July 19, 2023
Parcel Boundary: Lemhi County
Date Produced: January, 2025
Authored: U.S. EPA, R10
Imagery: USDA - NAIP
GPS data - June, 2024 - EPA

**Legend**

Waters of the United States, Including Adjacent Wetlands
Site
Lemhi County Tax Parcel Boundary
Sampling Plots
Panther Creek Main Channel
Discharges of Dredged and/or Fill Material

*Panther Creek Flow Direction: south to north*

00.0 0.05  0.1  0.15  0.2 Miles

**COMPLAINT**                    29

92.    EPA personnel observed during the June 2024 inspection that the ditches had, at that time, eroded to a depth of approximately ten feet below the pre-disturbance surface elevation at the top of the ditches' banks.  Defendants' construction of the ditches had, as of June 2024, substantially dewatered much of the surrounding area, including wetlands adjacent to Panther Creek.  The ditches capture groundwater flow that would otherwise support hydrophytic vegetation (i.e., vegetation suited for growing in saturated soil conditions) in Panther Creek's floodplain, including in its adjacent wetlands.  Upon information and belief, subject to reasonable opportunity for further investigation and discovery, at least some dewatering has continued even after Defendants attempted, without authorization, to refill the ditches in August 2024.

93.    Defendants discharged dredged and/or fill material below the ordinary high-water mark of Panther Creek and to wetlands adjacent to Panther Creek.  The following figure, excerpted from Exhibit 16, shows the approximate locations of those discharges (in purple):

This Space Left Intentionally Blank

**COMPLAINT**                    30



**Panther Creek Site, Lemhi County, Idaho**

N

Aerial Image Date: July 19, 2023
Parcel Boundary: Lemhi County
Date Produced: January, 2025
Authored: U.S. EPA, R10
Imagery: USDA - NAIP

00.0 3.05   0.1   0.15   0.2
Miles

Legend

Waters of the United States, Including Adjacent Wetlands

Site

Lemhi County Tax Parcel Boundary

Panther Creek Main Channel

Discharges of Dredged and/or Fill Material

*Panther Creek Flow Direction: south to north*

**COMPLAINT**                    31

94.    The heavy equipment that Defendants used for their excavating, clearing, grading, and filling activities (collectively, "earthmoving activities") constitutes a "point source" as defined in Section 502(14) of the Clean Water Act, 33 U.S.C. § 1362(14).

95.    Upon information and belief, subject to reasonable opportunity for further investigation and discovery, one purpose of Defendants' earthmoving activities was to divert flows from Panther Creek, which naturally meanders through the Site, into excavated, relatively straight-line ditches.

96.    Upon information and belief, subject to reasonable opportunity for further investigation and discovery, a purpose of Defendants' earthmoving activities was to drain wetlands adjacent to Panther Creek on the Site.

97.    Defendants' earthmoving activities resulted in the unauthorized discharge of "pollutants" as defined in Section 502(6) of the Clean Water Act, 33 U.S.C. § 1362(6), to waters of the United States.

98.    Defendants' earthmoving activities severely altered Panther Creek and adjacent wetlands at the Site.

99.    Upon information and belief, subject to reasonable opportunity for further investigation and discovery, Defendants' earthmoving activities were intended to bring areas of Panther Creek and adjacent wetlands into a use to which they were not previously subject.

100.    Defendants' earthmoving activities impaired the flow and circulation of water in Panther Creek and adjacent wetlands.

101.    Defendants did not apply for, or obtain, a permit under Section 404 of the Clean Water Act, 33 U.S.C. § 1344, for any of their activities at the Site.

**COMPLAINT**                                            32

## CLAIM FOR RELIEF

(Illegal Discharges of Dredged and/or Fill Material in Violation of
Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a))

102.    The United States realleges and incorporates Paragraphs 1 through 101.

103.    Beginning in approximately June 2023, Defendants discharged dredged and/or fill material to waters of the United States, including Panther Creek and its adjacent wetlands.

104.    The dredged and/or fill material that Defendants discharged to Panther Creek and its adjacent wetlands are pollutants, as defined by Section 502(6) of the Clean Water Act. 33 U.S.C. § 1362(6); 33 C.F.R. § 323.2.

105.    Panther Creek and its adjacent wetlands are "waters of the United States" within the meaning of Section 502(7) of the Clean Water Act, 33 U.S.C. § 1362(7).

106.    The heavy equipment used by Defendants to discharge dredged and/or fill material are "point source(s)" within the meaning of Section 502(14) of the Clean Water Act, 33 U.S.C. § 1362(14).

107.    Defendants have neither applied for nor obtained any permits under Section 404 of the Clean Water Act, 33 U.S.C. § 1344, to discharge dredged and/or fill material to waters of the United States.

108.    Defendants violated Section 301 of the Clean Water Act by discharging pollutants in the form of dredged and/or fill material from point sources to waters of the United States without authorization. 33 U.S.C. § 1311(a).

109.    Each day of each discharge constitutes a separate violation of Section 301(a) of the Clean Water Act. 33 U.S.C. § 1311(a).

**COMPLAINT**                                  33

110.    Defendants are strictly liable to the United States for injunctive relief and civil penalties under Sections 309(b) and (d) of the Clean Water Act, 33 U.S.C. §§ 1319(b), (d).

## **RELIEF SOUGHT**

The United States respectfully requests that this Court order the following relief:

1.    Declare that Defendants violated Section 301 of the Clean Water Act by discharging pollutants to waters of the United States without permits under Section 404 of the Clean Water Act.

2.    Permanently enjoin Defendants from discharging or causing the discharge of pollutants, including dredged and/or fill material, to waters of the United States except in compliance with the Clean Water Act.

3.    Require Defendants to undertake measures, at their own expense and at the direction of EPA, to completely restore the impacted portions of Panther Creek and adjacent wetlands and to mitigate the impact caused by Defendants' unauthorized discharges to waters of the United States, including by obtaining applicable permits.

4.    Assess civil penalties against Defendants under Section 309(d) of the Clean Water Act for each day of each violation of Section 301 of the Clean Water Act. 33 U.S.C. § 1319(d); 33 U.S.C. § 1311(a).

5.    Any other relief the Court deems just and proper.

DATED: January 14, 2025                Respectfully submitted,


                                                TODD KIM
                                                Assistant Attorney General


**COMPLAINT**                                      34

JOSHUA D. HURWIT
United States Attorney
PETER WUCETICH
Assistant United States Attorney
District of Idaho
1290 W. Myrtle St. Suite 500
Boise, ID 83702-7788
Telephone: (208) 334-9128
Facsimile: (208) 334-9375
Email: Peter.Wucetich@usdoj.gov

*/s/  Austin D. Saylor*
AUSTIN D. SAYLOR
Senior Attorney
Environmental Defense Section
United States Department of Justice
Environment & Natural Resources Division
c/o U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97034
(202) 598-7867
Austin.Saylor@usdoj.gov

GUS MAXWELL
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
999 18th Street; South Terrace; Suite 370
Denver, CO 80202
(303) 844-1347
Gustavus.Maxwell@usdoj.gov


OF COUNSEL:
PATRICK JOHNSON
Senior Water Law Attorney
Office of Regional Counsel
United States Environmental Protection Agency
Region 10, Alaska Operations Office
222 West 7th Avenue, No. 19
Anchorage, AK 99513
(907) 271-3914
Johnson.Patrick@epa.gov

*Attorneys for Plaintiff*

**COMPLAINT**                                35