Robert L. Harris, Esq. (ISB No. 7018)
**HOLDEN, KIDWELL, HAHN & CRAPO, P.L.L.C.**
1000 Riverwalk Dr., Ste. 200
P.O. Box 50130
Idaho Falls, Idaho 83405
Telephone:    (208) 523-0620
Facsimile:    (208) 523-9518
Email:        rharris@holdenlegal.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>PANTHERC LLC, and LAURENT COMTE.,<br><br>    Defendants. | Case No. 4:25-cv-00017-REP<br><br>**ANSWER** |

Defendants, PantherC LLC and Laurent Comte (collectively "Defendants"), by and through their counsel of record, Holden, Kidwell, Hahn & Crapo, P.L.L.C., answer the *Complaint* filed by Plaintiff United States of America ("USA"). In answering this *Complaint*, Defendants expressly reserve, in addition to the defenses set forth below, all other defenses provided by law. Moreover, Defendants state that the investigation of this matter is continuing and as such, certain averments, statements, and defenses may change in the future in light of additional or newly discovered information.

**GENERAL RESPONSE**

Defendants deny each and every allegation of the *Complaint* except as expressly admitted herein.

ANSWER—Page 1

## SPECIFIC RESPONSES

### Nature of the Action

1.  Answering paragraph 1, this paragraph contains the USA's characterization of this matter, and therefore a response is not necessary, but to the extent a response is necessary, Defendants deny the same.

2.  Answering paragraph 2, Defendants deny.

3.  Answering paragraph 3, Defendants are without knowledge to either admit or deny the foundational claims for the photograph, and therefore deny the same. Defendants admit that the photograph appears to depict Panther Creek on the Panther C property.

4.  Answering paragraph 4, Defendants admit the waterway depicted appears to be Panther Creek and further admit that Defendants engaged in certain work on the property consistent with agricultural properties, which the PantherC property is (as evidenced by Idaho water right no. 75-14226 appurtenant to the property).  Defendants deny the remainder of this paragraph.

5.  Answering paragraph 5, Defendants deny.

6.  Answering paragraph 6, Defendants deny.

7.  Answering paragraph 7, Defendants admit that they engaged in certain work on the property consistent with agricultural properties, which the PantherC property is (as evidenced by Idaho water right no. 75-14226 appurtenant to the property). Defendants deny the remainder of this paragraph.

8.  Answering paragraph 8, Defendants deny.

9.  Answering paragraph 9, Defendants deny.

10. Answering paragraph 10, Defendants are without sufficient knowledge to either admit or deny, and therefore deny the same.

11. Answering paragraph 11, Defendants deny.

12. Answering paragraph 12, this paragraph is a legal conclusion, therefore a response is not necessary. To the extent a response is necessary, Defendants deny the same.

## Jurisdiction and Venue

13. Answering paragraph 13, Defendants admit the Court has jurisdiction given the location of the property, but deny the remainder of this pagraph..

14. Answering paragraph 14, Defendants admit that venue is proper and that Defendant PantherC property is located in this district. Defendants deny any Clean Water Act violations and that Defendant Comte resides or is located in this district.

15. Answering paragraph 15, Defendants admit.

16. Answering paragraph 16, no response is necessary. To the extent a response is necessary, Defendants deny.

## The Parties

17. Answering paragraph 17, Defendants admit.

18. Answering paragraph 18, Defendants deny.

19. Answering paragraph 19, Defendants admit.

20. Answering paragraph 20, this paragraph is a legal conclusion, therefore a response is not necessary. To the extent one is necessary, Defendants deny the same.

21. Answering paragraph 21, Defendants deny.

22. Answering paragraph 22, Defendants deny.

23. Answering paragraph 23, Defendants admit.

24. Answering paragraph 24, this paragraph is a legal conclusion, therefore a response is not necessary. To the extent one is necessary, Defendants deny the same.

25. Answering paragraph 25, this paragraph is a legal conclusion, therefore a response is not necessary. To the extent one is necessary, Defendants deny the same.

26. Answering paragraph 26, Defendants admit.

27. Answering paragraph 27, Defendants deny.

28. Answering paragraph 28, this paragraph is a legal conclusion, therefore a response is not necessary. To the extent one is necessary, Defendants deny the same.

29. Answering paragraph 29, Defendants admit.

30. Answering paragraph 30, Defendants deny.

31. Answering paragraph 31, Defendants admit that Defendant PantherC or its agents controlled activities on the PantherC property, but deny the remainder of this paragraph.

### Statutory and Regulatory Background

32. Answering paragraph 32, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

33. Answering paragraph 33, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

34. Answering paragraph 34, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

35. Answering paragraph 35, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

36. Answering paragraph 36, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

37. Answering paragraph 37, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

38. Answering paragraph 38, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

39. Answering paragraph 39, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

40. Answering paragraph 40, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

41. Answering paragraph 41, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

42. Answering paragraph 42, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

43. Answering paragraph 43, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

44. Answering paragraph 44, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

45. Answering paragraph 45, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

46. Answering paragraph 46, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

47. Answering paragraph 47, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

48. Answering paragraph 48, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

49. Answering paragraph 49, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

50. Answering paragraph 50, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

51. Answering paragraph 51, this paragraph is a recitation of the Clean Water Act which speaks for itself, therefore no answer is necessary.

### General Allegations

52. Answering paragraph 52, Defendants admit to the approximate size and location of the PantherC property, but deny the remainder of this paragraph.

53. Answering paragraph 53, Defendants admit Panther Creek is located on the Panther C property, but deny the remainder of this paragraph.

54. Answering paragraph 54, Defendants are without specific knowledge of State of Idaho Fish and Game's staff's communications with USA, therefore Defendants deny the same. Defendants have not been provided foundational information concerning the photograph in this paragraph, and therefore deny, although Defendants admit that the photographs appear to depict the PantherC property.

55. Answering paragraph 55, Defendants admit to receipt of the letter attached to the Complaint at Exhibit 5.

56. Answering paragraph 56, Defendants admit to receipt of the Notice of Violation attached to the Complaint at Exhibit 6; otherwise, the notice speaks for itself and no answer is required.

57. Answering paragraph 57, Defendants to receipt of the referenced document, but deny the characterization of the document contained in this paragraph.

58. Answering paragraph 58, Defendants deny.

59. Answering paragraph 59, Defendants admit to the existence of the action but deny any liability related to the action. Defendants further deny that the trial date is set for July 16, 2025, and affirmatively allege that it has been moved to November 12-14, 2025.

60. Answering paragraph 60, Defendants admit.

61. Answering paragraph 61, Defendants admit to receipt of the letter attached to the Complaint at Exhibit 8; otherwise, the letter speaks for itself, and no answer is required.

62. Answering paragraph 62, Defendants admit the contents of the letter attached as Exhibit 7 but deny the characterization of the letter as described in the remainder of this paragraph.

63. Answering paragraph 63, Defendants admit they entered into an interim settlement agreement with the Idaho Department of Ware Resource and that they completed the interim stabilization measures. Defendants deny that the interim stabilization measures were not in conformance with the settlement agreement or as specified by the State of Idaho Department of Water Resources.

64. Answering paragraph 64, where settlement discussions are protected under FRE 408, the USA's allegations herein are improper and consequently, Defendants deny the allegations in this paragraph.

65. Answering paragraph 65, where settlement discussions are protected under FRE 408, the USA's allegations herein are improper and consequently, Defendants deny the allegations in this paragraph.

66. Answering paragraph 66, Defendants deny.

67. Answering paragraph 67, Defendants admit.

68. Answering paragraph 68, Defendants admit that three EPA representatives executed the administrative warrant, inspected the Site, and collected evidence. Defendants have not been provided with foundational information concerning the photographs and maps in this paragraph, and therefore deny, although Defendants admit that the photographs and maps appear to depict the PantherC property.

69. Answering paragraph 69, Defendants were not privy to conversations between agencies of the USA and therefore deny.   Defendants deny the remainder of this paragraph.

70. Answering paragraph 70, Defendants deny.

71. Answering paragraph 71, Defendants deny.

72. Answering paragraph 72, Defendants deny.

73. Answering paragraph 73, this paragraph is a legal conclusion, therefore a response is not necessary.   To the extent one is necessary, Defendants deny the same.

74. Answering paragraph 74, Defendants are without specific knowledge to either admit or deny the contents of this paragraph concerning commercial activities and therefore deny the same. Defendants admit that the Snake River channel begins in Wyoming and flows through Idaho, Oregon, and Washington.

75. Answering paragraph 75, Defendants are without specific knowledge to either admit or deny the contents of this paragraph, and therefore deny the same.

76. Answering paragraph 76, Defendants deny.

77. Answering paragraph 77, Defendants deny.

78. Answering paragraph 78, Defendants deny.

79. Answering paragraph 79, this paragraph is a legal conclusion, therefore a response is not necessary. To the extent a response is necessary, Defendants deny the same.

80. Answering paragraph 80, Defendants deny.

81. Answering paragraph 81, Defendants deny.

82. Answering paragraph 82, Defendants deny.

83. Answering paragraph 83, Defendants deny.

84. Answering paragraph 84, Defendants deny.

85. Answering paragraph 85, Defendants have no specific knowledge as to USA's empirical and analytical observations, and therefore, Defendants deny the same.

86. Answering paragraph 86, Exhibit 12 to the Complaint speaks for itself and no response is required. Defendants deny the remainder of this paragraph.

87. Answering paragraph 87, Defendants deny.

88. Answering paragraph 88, Defendants admit they used equipment, including heavy machinery personally operated by Defendant Comte on the PantherC property, consistent with agricultural properties, which the PantherC property is (as evidenced by Idaho water right no. 75-14226 appurtenant to the property). Defendants deny the remainder of this paragraph.

89. Answering paragraph 89, Defendants admit they used equipment, including heavy machinery personally operated by Defendant Comte on the PantherC property, consistent with agricultural properties, which the PantherC property is (as evidenced by Idaho water

right no. 75-14226 appurtenant to the property). Defendants deny the remainder of this paragraph.

90. Answering paragraph 90, Defendants deny.

91. Answering paragraph 91, this paragraph speaks of activities performed by the USA which Defendants do not have personal knowledge of, and therefore, Defendants deny the same.

92. Answering paragraph 92, Defendants deny.

93. Answering paragraph 93, Defendants deny.

94. Answering paragraph 94, this paragraph is a legal conclusion, therefore a response is not necessary.   To the extent a response is necessary, Defendants deny the same.

95. Answering paragraph 95, Defendants deny.

96. Answering paragraph 96, Defendants deny.

97. Answering paragraph 97, this paragraph is a legal conclusion, therefore a response is not necessary.   To the extent a response is necessary, Defendants deny the same.

98. Answering paragraph 98, Defendants deny.

99. Answering paragraph 99, Defendants deny.

100. Answering paragraph 100, Defendants deny.

101. Answering paragraph 101, Defendants admit, and affirmatively allege that procurement of such permits was not necessary.

## Claims for Relief

102. Defendants reallege and incorporate Defendants' prior responses to paragraphs 1 through 101.

103. Answering paragraph 103, Defendants deny.

104. Answering paragraph 104, Defendants deny.

105. Answering paragraph 105, Defendants deny.

106. Answering paragraph 106, Defendants deny.

107. Answering paragraph 107, Defendants deny.

108. Answering paragraph 108, Defendants deny.

109. Answering paragraph 109, Defendants deny.

110. Answering paragraph 110, Defendants deny.

## Relief Sought

111. Answering USA's Relief Sought (including paragraphs 1-5), Defendants deny the USA is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

1. USA does not have jurisdiction under the Clean Water Act over Panther Creek and/or the subject property, including any wetlands that may be on the subject property, based on *Sackett v. EPA*, 598 U.S. 651 (2023) and other applicable law.

2. There has been no formal determination that the Salmon River is a traditional interstate navigable waterway subject to Clean Water Act jurisdiction.

3. The activities undertaken by Defendants on the PantherC property were agricultural in nature (where the Site has appurtenant to it a valid Idaho irrigation water right) and such activities are authorized under the law.

## JURY DEMAND

Defendants demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this 5th day of September, 2025.

_____
Robert L. Harris
HOLDEN, KIDWELL, HAHN & CRAPO, P.L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2025, I served a copy of the following described pleading or document on the attorneys and/or individuals listed below by the method indicated below.

**DOCUMENT SERVED:**    *Answer*

**ATTORNEYS AND/OR INDIVIDUALS SERVED**:

Laura J. Brown
Senior Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
(202) 305-5314 (cell)
(202) 514-3376 (office)
P.O. Box 7611
Washington, DC 20044
Laura.J.S.Brown@usdoj.gov

☐ Mail
☐ Hand Delivery
☐ Facsimile
☐ Courthouse Box
☒ Email
☒ Electronic Service

Of Counsel
Patrick Johnson
Senior Water Law Attorny
Office of Regional Counsel
United States Environmental Protection Agency
Region 10, Alska Operations Office
222 West 7th Ave., No. 19
Anchorage, AK 99513
Johnson.Patrick@epa.gov

Robert L. Harris
HOLDEN, KIDWELL, HAHN & CRAPO, P.L.L.C.

ANSWER—Page 13